FILED
2020 JULY 29
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN THE MATTER OF COURT PROCEEDINGS AND COURT OPERATIONS DURING THE CORONAVIRUS (COVID-19) PANDEMIC | **GENERAL ORDER 20-021** |

    The Court has entered a number of General Orders in response to the ongoing Coronavirus Disease (COVID-19) outbreak in Utah and around the nation.[1]

- General Order 20-008, entered on March 12, 2020, confirmed that the Federal Courthouse in Salt Lake City remains open with restricted access for certain visitors.

- On March 16, 2020, the Court entered General Order 20-009, suspending all petit jury and grand jury activities in the District through May 1, 2020.  In General Order 20-009, the Court also continued all trial-related deadlines in criminal cases, entered findings excluding certain time under the Speedy Trial Act, vacated hearings for most matters set between March 17 and March 31, and provided guidance concerning numerous other aspects of court operations.

- On March 23, 2020, the Court entered General Order 20-010, providing certain protections for attorney-client communications impacted by the COVID-19 crisis and establishing protocols for various criminal proceedings and United States Probation Office activities.

- General Order 20-011 was entered March 31, 2020, making findings implementing the emergency provisions of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

---

[1] These General Orders and additional information can be found on the Court's website: https://www.utd.uscourts.gov/united-states-district-courts-district-utah-covid-19-information-center.

1

- On April 28, 2020, the Court entered General Order 20-012, making additional findings related to the Speedy Trial Act, continuing all civil and criminal trials through June 15, 2020, and providing guidance concerning other court functions.
- General 20-017 was entered June 15, 2020.  This Order continued all grand jury and petit jury activities through August 1, 2020; included additional findings relating to the Speedy Trial Act and excluded from the Act time through August 1, 2020; and provided new information concerning a plan for phased resumption of court activities unanimously adopted by the judges.
- Most recently, the Court entered General Order 20-020, which reauthorized for an additional 90 days certain emergency provisions available under the CARES-Act.

Many of the extension dates initially set forth in those General Orders are now approaching.  This General Order incorporates provisions of many of the prior orders, includes updated information and findings, and continues suspension of many court functions for roughly an additional four weeks.

The Court continues to monitor closely the state of the health crisis in Utah and around the nation.  President Trump's March 13, 2020 National Emergency declaration remains in effect.  Governor Herbert declared a state of emergency on March 6, 2020, and while restrictions have been imposed and relaxed, new daily cases of COVID-19 in Utah continue in significant numbers.  The World Health Organization advises that the global pandemic is not subsiding.  Finally, the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation.  The Court is closely monitoring the CDC's developing guidance as well as various directives from all branches and levels of government.  Among other things, the CDC recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others.  These and other measures are in response to increased concerns about the extent of

asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

To this date, there are nationwide now well over 4,000,000 confirmed cases of Americans infected with COVID-19, resulting in nearly 150,000 deaths. Though the number of new infections in the United States generally appears to have stabilized around roughly 60,000 new cases daily, the State of Utah experienced in July a significant acceleration of positive cases. To date there are nearly 40,000 confirmed infections in Utah, resulting in more than 2,200 hospitalizations and more than nearly 300 deaths. Worse still, the available evidence suggests difficulty tracking the real spread of COVID-19 because significant numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors.

On the other hand, the Court is mindful that this extended period without the availability of trials and grand jury proceedings significantly impacts criminal defendants, civil litigants, and our community. While the safety of the public, litigants, lawyers, parties, and Court staff remain the top priority, the Court is committed to increasing the availability of mission-critical services to the community as expeditiously as conditions permit. To that end, the Court has adopted a plan for phased reopening based largely on guidance from the Administrative Office of the United States Courts, and national and local health agencies. The plan calls for resuming various court functions in stages upon satisfaction of certain required criteria. Those criteria include: (1) No COVID-19 confirmed or suspected cases in the court facility within a 14-day period, or if a confirmed or suspected case has occurred, there has been a "deep cleaning" of exposed areas and applicable employee self-quarantine actions have been taken; (2) Sustained downward trending average of cumulative daily COVID-19 case counts in the District over a 14-day period; and (3) Recission of local restrictions on movement and/or shelter in place orders.

Once these criteria are satisfied, the Court will enter Phase I and resume "critical" in-person hearings in civil and criminal cases. This may include "critical" bench trials.

Upon satisfying the criteria a second time (meaning at least 14 days later with continuing stable or reduced case counts and no cases in the courthouse), the Court will enter Phase II.  In Phase II, all in-person hearings will be available in criminal and civil cases (though the use of teleconference and videoconference hearings will continue as deemed appropriate by the presiding judge in each case).  The grand jury will commence regular activities in Phase II.  Criminal trials will begin on a limited basis, employing a triage process to identify and prioritize the most pressing cases.

Once the triggering criteria are again satisfied (meaning at least two weeks after entering Phase II, with continuing stable or reducing case counts and no cases in the courthouse), the Court will enter Phase III.  This Phase allows for full resumption of criminal trials.  Once any backlog in criminal cases is sufficiently addressed, full civil trials may resume.  Full operation of Court functions, including bar-related and social events at the courthouse, will resume in Phase IV following satisfaction of the criterial for a fourth time.

By its nature, this plan for reopening will require continuous monitoring of conditions in the District.  It will also require flexibility and potential modification of deadlines on a regular basis.  The Court will enter further General Orders implementing the plan in stages as outlined above.  If conditions permit the Court to resume certain functions before the dates below, those forthcoming General Orders will supersede the dates provided herein.

In the meantime, after careful consideration of the continuing unprecedented severity of the risks presented by this national and local emergency to the public, litigants, counsel, court employees, agencies that support the courts, and judges; and following consultation with appropriate stakeholders; it is **HEREBY ORDERED**:

1. **Jury Trials:**  All civil and criminal jury trials are **CONTINUED** through September 1, 2020, pending further order of the Court. The Court may issue further orders concerning future continuances as are necessary and appropriate. Questions concerning prospective scheduling of trial dates should be directed to the assigned judge.

2. **Speedy Trial Act:**  For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, and 2020-017, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between August 1, 2020, through September 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."[2]  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through September 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court is experiencing significant restrictions on

---

[2] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside.  Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

3. **Trial-Related Deadlines:** All trial-related deadlines in <u>criminal cases</u> (including, but not limited to, deadlines concerning motion cutoff dates, proposed jury instructions, proposed voir dire, proposed verdict forms, plea cutoffs, etc.) scheduled to begin trial before September 1, 2020 are **CONTINUED**, subject to case-specific orders entered by the judge presiding in individual cases.

> Individual judges may continue trial-related deadlines in <u>civil cases</u> at their discretion. Questions concerning trial-related deadlines should be directed to the assigned judge.

4. **Grand Jury:** Given the extraordinary conditions now present, Grand jury proceedings in the District of Utah may resume on a limited emergency basis.  As deemed appropriate by the Court on a week-to-week basis as conditions permit, Grand Jury panels may meet no more than once a month, for no more than six hours on a single day.  Those meetings must comply with the safety protocols adopted by the court reopening committee and the General Orders entered by the Court.  No more than one panel may meet in any given week.  Additional Grand Jury operations will be considered upon entry into Phase I of the phased reopening plan.  In the meantime, due to the unavailability of regular Grand Jury proceedings in the District during this period, the 30-day time period for filing an indictment is tolled as to each defendant until this Order terminates. *See* 18 U.S.C. § 3161(b). Questions concerning Grand Jury scheduling should be directed to the United States Attorney's Office.

5. **Search Warrants:** Between August 1, 2020, and September 1, 2020, all search warrants and other applications (including, among other things, trap/trace and pen registers), as well as new criminal complaints for most cases shall be submitted via email to the chambers email box of the duty Magistrate Judge:

   a. utdecf_bennett@utd.uscourts.gov for Judge Bennett; and

   b. In matters arising in the Southern Region, with St. George location designations, such materials shall be submitted to utdecf_kohler@utd.uscourts.gov for Judge Kohler.

   The courtroom deputy will then communicate with the sender to arrange the resolution of such matters via electronic means (teleconference or video), as appropriate.

6. **Title III Applications:** All Title III applications shall be submitted via email to Chief Judge Shelby's courtroom deputy, Mary Jane McNamee. The courtroom deputy will then communicate with the sender to arrange the resolution of such matters via electronic means (teleconference or video), as appropriate.

7. **Criminal Hearings:** The protocols set forth in General Order 20-010 are adopted and incorporated herein. Those provisions in General Order 20-010 relating to Attorney-Client Privilege (Paragraph 1) and Pretrial Services Reports (Paragraphs 2-5) are **EXTENDED** through September 1, 2020. Appearances in any criminal hearings ordered by summons are **CONTINUED** through September 1, 2020. Judges before whom such appearances were scheduled are encouraged to notify those summoned of a new appearance date.

8. **Central Violations Bureau Calendars:** The Central Violations Bureau (CVB) calendars set between August 1, 2020 and September 1, 2020 are **CANCELED**. The Court will direct that new hearing notices for mandatory appearances be delivered for dates after September 1, 2020, at the discretion of the assigned judge.

9. **Reentry and Specialty Courts:** In-court reentry (specialty court) hearings and activities are **SUSPENDED** through September 1, 2020. At the discretion of the presiding judicial officer, these courts may be conducted remotely utilizing existing telephonic or video conference options in a manner that does not require in-person participation or that otherwise

jeopardizes the health and safety of the participants, the program staff, or court representatives.

10. **Civil Hearings and Bench Trials:** Presiding judges retain discretion to proceed with civil hearings and bench trials as necessary and appropriate in individual cases.  For the reasons detailed above, including the unprecedented and serious health concerns associated with the current pandemic, in-person civil hearings should be held only in exceptional circumstances.  This is so even in emergency matters, including applications for temporary restraining orders or injunctions.  Absent specific and compelling exceptional circumstances, all civil hearings should be conducted remotely utilizing existing telephonic or video conference options.  If a judicial officer concludes that a hearing must be conducted in-person, that judge should adopt stringent protocols in consultation with counsel, and consistent with CDC guidance, to ensure the safety of the parties, witnesses, counsel, and court staff.

11. **Public and Bar-Related Functions:** All public and bar-related functions scheduled to take place at the federal courthouse between August 1, 2020, and September 1, 2020, are **CANCELED**. This includes meetings of the American Inns of Court, continuing education events, school tours, informational meetings, social functions, and Immigration and Naturalization ceremonies. Questions concerning rescheduling these events should be directed to the Clerk's Office.

12. **Public Access:** The federal courthouse in Salt Lake City shall remain open for mission-critical functions of the judiciary, but the public and members of the bar are discouraged from coming to the courthouse unless necessary for official court-related activities, including filing documents that cannot be submitted electronically, attending in-person criminal hearings described above, and the like. The St. George Courthouse is closed, but is

proceeding with mission-critical functions through electronic and remote means.

Those coming to the federal courthouse in Salt Lake City must comply with all governmental guidelines, including the use of personal protection such as masks and physical distancing.

13. The Clerk's Office, the United States Bankruptcy Court for the District, and other court services shall remain open pending further order of the Court, but business hours and means of access may be limited. Specific information about business hours will be available on each Court unit's internet site.

**SO ORDERED** this 29th day of July, 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
CHIEF UNITED STATES DISTRICT JUDGE