## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| | **Case No. 2:19-cr-00102-DAK-JCB** |
| **v.** | |
| | |
| **DIANA K. MOLYNEUX,** | **District Judge Dale A. Kimball** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is the United States of America's ("United States") motion to admit intrinsic evidence under Fed. R. Evid. 404(b) ("Motion").[2]  The court has carefully reviewed the parties' written memoranda.  Under DUCrimR 12-1(i), the court concludes that oral argument is not necessary and, therefore, decides the Motion on the written memoranda.  Based upon the analysis set forth below, the court denies the Motion.

### BACKGROUND

Defendant Diana K. Molyneux ("Ms. Molyneux") is a former United States Postal Service Employee.  The indictment in this case charges her with two counts of delay or destruction of mail or newspapers under 18 U.S.C. § 1703(a).[3]

---

[1] ECF Nos. 31, 46.

[2] ECF No. 58.

[3] ECF No. 1.

In the Motion, the United States seeks to admit certain evidence (collectively, "Evidence") on two grounds: (I) Rule 404(b); and (II) that the requested evidence is "intrinsic" to the charged crimes.  The Evidence is comprised of statements from Ms. Molyneux's coworkers about what Ms. Molyneux allegedly said and acts that she committed that were racist in nature.  The Evidence also includes a pro se motion that Ms. Molyneux filed in this case seeking to have new counsel appointed to represent her, which was based upon her assertion that she was having a difficult time communicating with her prior counsel from the Federal Public Defender's Office based upon his proficiency in English.[4]  According to the United States, Ms. Molyneux's former counsel is Hispanic.  The United States argues that the Evidence, taken together, is admissible under Rule 404(b), admissible as intrinsic evidence, and proof of Ms. Molyneux's motive in this case "to destroy or delay mail based on her expressions and actions against migrants, Hispanics[,] or non-whites."[5]  Ms. Molyneux opposes the Motion.

## ANALYSIS

As demonstrated below, the court concludes that: (I) all of the relevant factors for admission of the Evidence under Rule 404(b) are not satisfied; and (II) the Evidence is not intrinsic in this case and, even if it were, it would be excluded under Fed. R. Evid. 403. Therefore, the court denies the Motion.

---

[4] Although Ms. Molyneux's motion was denied, she was provided with different counsel from the Federal Public Defender's Office.  ECF No. 42.

[5] ECF No. 58 at 13.

I.    **All of the Relevant Factors for Admission of the Evidence Under Rule 404(b) Are Not Satisfied.**

The United States cannot show that the Evidence meets the requirements of Rule 404(b).

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[6]  However, Rule 404(b) also provides that such evidence may be admissible for other purposes, including "motive."[7]

> [Tenth Circuit] case law instructs courts to consider four factors in weighing the admissibility of evidence under Rule 404(b): ([A]) whether the evidence is offered for a proper purpose, ([B]) its relevancy, ([C]) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and ([D]) a limiting instruction is given if the defendant so requests.[8]

The court considers factors (A) through (D) in turn.  As demonstrated below, the second and third factors of that analysis are not satisfied.  Therefore, the court denies the United States' request to admit the Evidence under Rule 404(b).

A.    **Proper Purpose**

The court first considers whether the Evidence is offered for a proper purpose.  Because the United States seeks to introduce the Evidence for one of the enumerated purposes stated in

---

[6] Fed. R. Evid. 404(b)(1).

[7] Fed. R. Evid. 404(b)(2).

[8] *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988) and *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)).

Rule 404(b)(2)—namely, motive—the Evidence is offered for a proper purpose.[9]  Thus, the first factor is satisfied.

**B.      Relevancy**

The court turns next to the relevancy of the Evidence.  For the reasons set forth below, the Evidence does not have sufficient relevance to satisfy the second factor of the court's Rule 404(b) analysis.

Evidence "is relevant if it tends to prove or disprove one of the elements necessary to the charged offense."[10]  The Tenth Circuit

> has previously recognized the probative value of uncharged acts to show motive, . . . as long as the uncharged acts are similar to the charged crime and sufficiently close in time.  Moreover, although the uncharged crime must be similar to the charged offense, it need not be identical.  This similarity may be shown through physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.  The more similar the act or state of mind is to the charged crime, the more relevant it becomes.[11]

The Tenth Circuit has identified the following list of non-exclusive factors to consider in assessing such similarity: (1) "whether the acts occurred closely in time"; (2) "geographical proximity"; (3) "whether the charged offense and the other acts share similar physical elements"; and (4) "whether the charged offense and the other acts are part of a common scheme."[12]

---

[9] *Id.* ("Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b).").

[10] *Id.* at 1156-57 (citing Fed. R. Evid. 401).

[11] *Zamora*, 222 F.3d at 762 (quotations and citations omitted).

[12] *Mares*, 441 F.3d at 1158.

Importantly, the United States does not address any of those factors.  Nevertheless, as shown by the court's consideration of those factors below, Ms. Molyneux's conduct described in the Evidence does not bear sufficient similarity to the conduct underlying the crimes with which she is charged.[13]  First, the United States makes no attempt to make a temporal or geographic connection between the conduct described in the Evidence and the conduct underlying the charged crimes.  Second, the conduct described in the Evidence does not help to establish any of the elements of the charged offenses.  Indeed, none of the elements of 18 U.S.C. § 1703(a) has any component of racial bias or discrimination.  Finally, the United States has not argued that the conduct described in the Evidence and the charged offenses are part of a common scheme.  Although racist thought is deplorable, it is not a "common scheme."  For those reasons, the Evidence does not have adequate relevance to satisfy the second factor.

Instead of addressing the relevant factors, the United States focuses its relevancy argument on two cases, which it believes are analogous to the instant case.  However, both cases are distinguishable.  First, the United States relies upon *United States v. Viefhaus*.[14]  In *Viefhaus*,

---

[13] Ms. Molyneux is charged with two counts under 18 U.S.C. § 1703(a), which provides:

> Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined under this title or imprisoned not more than five years, or both.

[14] 168 F.3d 392 (10th Cir. 1999).

the defendant was charged with, *inter alia*, using a telephone to transmit a bomb threat and possession of an unregistered explosive device.[15]  The charged crimes were based upon a recorded message made by the defendant that indicated his desire to "build an Aryan society" and stated that "bombs will be activated in 15 pre-selected major U.S. cities."[16]  Over the defendant's objection, the district court admitted evidence of racially inflammatory materials found in the defendant's home pursuant to a search warrant.[17]  The district court permitted the United States to introduce that evidence for the purpose of showing the defendant's motive, intent, and state of mind.[18]  On appeal, the court held, *inter alia*, that admission of that evidence was proper under Rule 404(b) because it was necessary for the jury to consider it to examine the circumstances in which the defendant's comments were made.[19]

Second, the United States relies upon *United States v. Siddiqui*.[20]  In *Siddiqui*, the defendant allegedly fired a rifle at a United States team of two Federal Bureau of Investigation agents and members of a military special forces unit.[21]  Consequently, the defendant was charged with various offenses related to attempted murder and assault of United States nationals, United

---

[15] *Id.* at 395.

[16] *Id.* at 394 (emphasis, quotations, and citation omitted).

[17] *Id.* at 395.

[18] *Id.* at 397.

[19] *Id.* at 398.

[20] 699 F.3d 690 (2d Cir. 2012).

[21] *Id.* at 696.

States officers, and United States employees.[22]  Over the defendant's objection, the district court

admitted evidence recovered from the defendant's home at the time of her arrest that referred to

attacks on the United States and the construction of various weapons.[23]  The district court

allowed the evidence to be admitted under Rule 404(b) to show the defendant's motive, intent,

identity, and knowledge.[24]  On appeal, the court held that the district court did not abuse its

discretion in admitting the evidence under Rule 404(b) because the evidence supplied a

"plausible rationale" for why the defendant would commit the conduct underlying the charged

crimes.[25]

　　　　Both *Viefhaus* and *Siddiqui* are distinguishable from the instant case.  In both cases, the

uncharged conduct was similar to and closely connected with the charged conduct, and the

uncharged conduct also showed the respective defendant's specific state of mind, all of which

made the uncharged conduct more relevant.[26]  Here, the Evidence does not show any uncharged

conduct that is similar to the charged conduct, nor does it show any specific state of mind or

motive that is relevant to the elements of the charged offenses.  Indeed, the Evidence does not

demonstrate any conduct similar to destruction of mail.  Further, with respect to the Evidence

demonstrating Ms. Molyneux's motive or state of mind, she is not charged with destroying mail

---

[22] *Id*.

[23] *Id*. at 697-98.

[24] *Id*. at 698.

[25] *Id*. at 703.

[26] *Zamora*, 222 F.3d at 762 ("The more similar the act or state of mind is to the charged crime, the more relevant it becomes.").

addressed to only non-whites but is instead charged with destroying mail addressed to people of all races.  Additionally, as stated above, the conduct described in the Evidence does not pertain to any of the elements of the charged offenses.  For those reasons, *Viefhaus* and *Siddiqui* do not support the United States' relevancy argument.

### C.      Probative Value vs. Prejudicial Effect

The court must next consider whether the prejudicial effect of admitting the Evidence would substantially outweigh its probative value.  For the reasons set forth below, the court concludes that it would.  Therefore, the third factor of the court's Rule 404(b) analysis is not satisfied.

To satisfy the third factor, "[t]he danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of [Rule] 403."[27]  "[E]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocen[ce] of the crime charged."[28]

---

[27] *Mares*, 441 F.3d at 1157; *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

[28] *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (emphasis, quotations, and citation omitted); *see also id*. at 1211 ("Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting Fed. R. Evid. 403 advisory committee's notes)).

Here, for the following reasons, the prejudice that would come from admitting the Evidence substantially outweighs its probative value.  First, the court has already concluded that the Evidence has marginal, if any, relevance, which undercuts its probative value.  Second, allowing the admission of the Evidence poses a high likelihood of causing unfair prejudice to Ms. Molyneux because it has no bearing on the elements of the charged crimes.  Indeed, as stated above, none of those elements has any requirement of racial bias or discrimination.  All it does is support the conclusion that Ms. Molyneux is a racist, which, although deplorable, is detached from the unlawful conduct charged.  Third, allowing admission of the Evidence carries a high chance of provoking an emotional or other response from the jury that has no relation to Ms. Molyneux's guilt or innocence of the charged crimes.  For those reasons, the third factor of the court's Rule 404(b) analysis is not met.

### D.   Limiting Instruction

Given that the second and third factors of the Rule 404(b) analysis are not satisfied, the Evidence is not admissible under Rule 404(b).  Accordingly, the court need not consider whether a limiting instruction to the jury is required.

Under the foregoing analysis, all of the factors of the court's Rule 404(b) analysis are not met.  Therefore, the court denies the United States' request to admit the Evidence under Rule 404(b).

## II.   The Evidence Is Not Intrinsic in This Case and, Even if It Were, It Would Be Excluded Under Rule 403.

Although the Evidence is not admissible under Rule 404(b), the Evidence may still be admissible if it is intrinsic to the crimes with which Ms. Molyneux is charged.  Indeed, "[i]f the

contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable."[29]

Although the United States makes passing references to the Evidence being intrinsic, it does not

develop an argument on the issue in any meaningful way.  Nevertheless, the court considers the

issue and concludes, for the reasons set forth below, that the Evidence is not intrinsic in this case.

Additionally, even if the Evidence were intrinsic, the court would exclude it under Rule 403.

Therefore, the court denies the United States' request to admit the Evidence as intrinsic evidence.

The Evidence is not intrinsic here because it is not inextricably intertwined with the

criminal episode on which the charges in this case are based.  The Tenth Circuit has

> held that "[o]ther act evidence is intrinsic"—and thus not subject to
> Rule 404(b)—"when the evidence of the other act and the evidence
> of the crime charged are inextricably intertwined or both acts are
> part of a single criminal episode or the other acts were necessary
> preliminaries to the crime charged."[30]

At the same time, the Tenth Circuit has "never required that the other-act evidence establish an

element of the charged offense."[31]  "Rather, intrinsic evidence is that which is 'directly

connected to the factual circumstances of the crime and provides contextual or background

information to the jury.  Extrinsic evidence, on the other hand, is extraneous and is not intimately

---

[29] *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011); *see also United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997) ("It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged . . . .").

[30] *Irving*, 665 F.3d at 1212 (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)) (other citation omitted).

[31] *Id.*

connected or blended with the factual circumstances of the charged offense.'"[32]  Intrinsic

evidence is "evidence of acts or events that are part of the crime itself, or evidence essential to

the context of the crime."[33]  Although intrinsic evidence is not excluded under Rule 404(b), it "is

still subject to the requirement of [Rule] 403 that its probative value is not substantially

outweighed by the danger of unfair prejudice."[34]

Here, for the following reasons, the Evidence is not intrinsic to the charged offenses.

First, the conduct described in the Evidence is not an antecedent act to the events leading to the

charged crimes.  Indeed, as stated several times above, none of the elements of 18 U.S.C.

§ 1703(a) has any component of racial bias or discrimination.  Second, the Evidence it is not

inextricably intertwined with the charged conduct.  Because the United States need not prove any

racial bias or discrimination, the court is unpersuaded that the Evidence is essential to the context

of the charged crimes.  Moreover, the destruction of mail charged in this case was not just the

mail of non-whites.  Thus, the Evidence may show that Ms. Molyneaux sadly espouses racist

beliefs, but racism is not inextricably intertwined with the events leading to the charged crimes .

However, even if the Evidence were intrinsic to the charged offenses, the court would

still exclude the Evidence under Rule 403.  In Section I.C. above, the court concluded that the

prejudicial effect of admitting the Evidence would substantially outweigh its probative value.

Additionally, other factors set forth in Rule 403 warrant exclusion of the Evidence.  Specifically,

---

[32] *Id*. (quoting *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009)) (other citation
omitted).

[33] *Parker*, 553 F.3d at 1314-15.

[34] *Lambert*, 995 F.2d at 1007-08.

admitting the Evidence carries a high likelihood of "confusing the issues" and "misleading the jury" because none of the Evidence goes to the elements of the charged offenses.[35]  Ms. Molyneux is not on trial for being a racist; she is on trial for destroying mail, the intended recipients of which included the race she favored.

For the foregoing reasons, the court concludes that the Evidence is not intrinsic in this case and that, even if it were, it would be excluded under Rule 403.  Accordingly, the court denies the United States' request to admit the Evidence as intrinsic evidence.

**<u>ORDER</u>**

Based upon the foregoing, IT IS HEREBY ORDERED that the United States' motion to admit intrinsic evidence under Rule 404(b)[36] is DENIED.

IT IS SO ORDERED.

DATED August 25, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] Fed. R. Evid. 403.

[36] ECF No. 58.