IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIANA K. MOLYNEUX,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL<br><br>Case No. 2:19-cr-00102 DAK<br><br>Judge Dale A. Kimball |

On May 3, 2023, a jury convicted Defendant Diana K. Molyneux on both Counts of the Indictment: two counts of violating 18 US.C. § 1703(a), Delay or Destruction of Mail or newspapers. Arguing that the United States presented insufficient evidence upon which a jury could have found all elements of each count of the indictment to have been proven beyond a reasonable doubt, she has timely filed a Motion for Judgment of Acquittal.

In making this determination, courts view the evidence in the light most favorable to the prosecution and decide whether "any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004) (internal citation omitted); *see also* United States v. Dobbs, 629 F.3d 1199, 1203 (10th Cir. 2011) ("We will reverse a conviction 'only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (citations omitted). Courts "do not weigh conflicting evidence nor consider the credibility of witnesses." *Id*. (citing *United States v. McKissick,* 204 F.3d 1282, 1289–90 (10th Cir.2000)). Courts simply determine

"whether [the] evidence, if believed, would establish each element of the crime." *United States v. Vallo,* 238 F.3d 1242, 1246–47 (10th Cir.2001).

For all the reasons set forth by the United States in its Response Memorandum, the court agrees that the evidence, if believed, and drawing inferences in favor of the United States, establishes that the Defendant knew that she had no authority to detain, delay, or secret mail, and a rational trier of fact could make this conclusion beyond a reasonable doubt. In other words, the evidence presented in this case was more than sufficient to sustain the Defendant's convictions for Counts I and II of the Indictment. Accordingly, the Motion for Judgment of Acquittal [ECF No. 121] is DENIED.

DATED this 7th day of June, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge